IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VARRON WILSON, #B57716, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19−cv–00805−NJR ) |
| WEXFORD HEALTH SERVICES, MENARD CORRECTIONAL CENTER, and NURSE MOLLY, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Varron Wilson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Wilson claims that Defendants were deliberately indifferent to a serious medical need in failing to provide treatment for a spider bite. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See*

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### THE COMPLAINT

Wilson makes the following allegations in the Complaint: In February 2018, he was bitten by a spider on his left side. (Doc. 1, p. 5). He put in two request slips to sick call regarding the bite and informed nurses on several occasions that the bite wound was becoming worse and spreading. After two weeks, Nurse Molly came to see him, but he still did not see a nurse practitioner until two days later. By this time, he was in so much pain that it was hard to move his upper body, and he had multiple boils. (*Id.* at pp. 5-6). He was sent to the healthcare unit where he was given an IV, but staff could not figure out what he had. (*Id.* at p. 6).

### PRELIMINARY DISMISSAL

Wilson names Wexford Health Services ("Wexford") in the case caption, but he does not assert any allegations against Wexford in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Additionally, Wexford "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Accordingly, Wexford will be dismissed from this action without prejudice.

Menard also is listed as a defendant and will be dismissed with prejudice. Menard, which

is a division of IDOC, is not a "person" within the meaning of the Civil Rights Act and so it cannot be sued pursuant to Section 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

**DISCUSSION**

Based on the allegations of the Complaint, the Court finds it convenient to designate the claims in this case into the following Count:

> **Count 1:** Eighth Amendment claim against Nurse Molly for deliberate indifference to Wilson's serious medical need of treatment for his spider bite.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

**Count 1**

The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they respond to a prisoner's serious medical needs with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). For screening purposes, Wilson's spider bite, which resulted in boils, irritation, and pain, will be considered a serious medical need. The allegations suggest that Nurse Molly responded to his spider bite with deliberate indifference. At this stage, Count 1 will proceed.

---

[1] *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## RECRUITMENT OF COUNSEL

Wilson filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied.[2] He discloses six unsuccessful efforts to contact attorneys via written correspondence and includes copies of the authorization of payments for the postage for each letter, a copy of the letter mailed, and a letter from one attorney declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own.

With respect to his ability to pursue this action *pro se*, Wilson indicates that he has someone assisting him because he does not understand the legal process. Nonetheless, the Court finds that he can proceed *pro se*, at least for now. Wilson's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. He appears competent to try this matter without representation at this early stage. Once discovery has commenced, if he has significant difficulty, Wilson may refile his motion.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives screening pursuant to Section 1915A. **Count 1** shall proceed against **Nurse Molly**. For the reasons stated, **Wexford Health Services** is **DISMISSED without prejudice**, and **Menard Correctional Center** is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to terminate these parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court is also **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**IT IS FURTHER ORDERED** the Clerk of Court shall prepare for **Nurse Molly**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Wilson. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Wilson, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Wilson, and the judgment includes the payment of costs under § 1915, Wilson will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Wilson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 30, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve her with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance for the defendant will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**